# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| KANKAKEE, BEAVERVILLE & SOUTHERN RAILROAD CO., <br>  Plaintiff, <br><br> v. <br><br> McLANE COMPANY, INC., MCLANE FOODSERVICE, INC., McLANE/MIDWEST, INC., and TRANSCO, INC. d/b/a McLANE/TRANSCO INC., <br>  Defendants. <br><br> McLANE COMPANY, INC., and TRANSCO, INC., <br>  Counter Claimants, <br><br> v. <br><br> KANKAKEE, BEAVERVILLE & SOUTHERN RAILROAD CO., <br>  Counterclaim Defendant. | CAUSE NO.: 4:08-cv-00048 |

## OPINION AND ORDER

This matter is before the Court on Plaintiff and Counterclaim Defendant's Motion for Partial Summary Judgment [DE 34], filed by Plaintiff and Counterclaim Defendant Kankakee, Beaverville & Southern Railroad Co. ("Plaintiff") on June 18, 2010, a Response in Opposition to [DE 34] Motion for Partial Summary Judgment [DE 42], filed by Defendants and Counter-Claimants McLane Company, Inc., McLane Foodservice, Inc., McLane/Midwest, Inc., and Transco, Inc. d/b/a/ McLane/Transco, Inc. ("Defendants") on August 20, 2010, and a Reply in Support of [DE 34] Partial Summary Judgment [DE 43], filed by Plaintiff on September 2, 2010.  For the following reasons, the Court hereby **GRANTS** the Motion for Partial Summary Judgment [DE 34].

## PROCEDURAL BACKGROUND

On July 1, 2008, Plaintiff Kankakee, Beaverville & Southern Railroad Co. ("KBSR") filed a Complaint alleging, in relevant part, negligence and careless conduct on the part of Defendants' employee that caused damage to KBSR. On September 2, 2008, Defendants filed an Answer to the Complaint, denying each count; Affirmative Defenses of, in relevant part, sudden emergency, causal negligence, and incurred risk; and Counterclaims alleging, in relevant part, negligence and careless conduct on the part of Plaintiff and its agents that caused damage to Defendants. On September 4, 2008, Plaintiff filed a Reply to the Counterclaims, denying each count.

On June 18, 2010, Plaintiff filed its Motion for Partial Summary Judgment and accompanying Brief in Support. Defendants filed a response brief in opposition to the Motion for Partial Summary Judgment on August 20, 2010, to which Plaintiff filed a reply brief on September 2, 2010.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## SUMMARY JUDGMENT STANDARD

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear

the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "[S]ummary judgment is appropriate–in fact, is mandated–where there are no disputed issues of material fact and the movant must prevail as a matter of law. In other words, the record must reveal that no reasonable jury could find for the non-moving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation marks omitted).

A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *See id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chi.*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party, if it chooses, may support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *See Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. *See* Fed. R. Civ. P. 56(e)(2); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Rule 56(e) establishes that the opposing party's "response must–by affidavits or as otherwise provided

in this rule–set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences in favor of that party. *See Anderson*, 477 U.S. at 255; *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *See Anderson*, 477 U.S. at 249-50; *Doe*, 42 F.3d at 443.

**MATERIAL FACTS**

On February 4, 2008, Plaintiff KBSR's train was traveling eastbound through Benton County, Indiana. Dale Brandenburg, the sole engineer, was seated in the front locomotive of three locomotives pulling fifty loaded railcars. He turned on the engine bell and sounded the locomotive's air horn as the train traveled through the town of Boswell and approached and occupied the grade crossing on U.S. Highway 41. KBSR's train was traveling approximately 15 MPH as it entered the grade crossing and at no time exceeded the 25 MPH federally prescribed maximum speed for freight trains on that area of track.

The southbound lanes of U.S. 41 at the grade crossing were equipped with LED flashing

light signals and automatic gates. Before entering the crossing, Mr. Brandenburg observed that the signals were operating and the gates were lowered.

Mark Corley was driving Defendants' tractor-semitrailer southbound on U.S. 41. Mr. Corley was familiar with U.S. 41 in Indiana. He knew where the various towns on the route were located and was aware of the railroad crossing on U.S. 41 on the east side of Boswell that he assumed was an active railroad line. He had been driving through foggy conditions for most of the day, and Mr. Corley's co-driver, Larry Linton, also noticed that conditions on U.S. 41 were foggy during the 10 or 15 minutes between his waking up and the tractor-semitrailer reaching the grade crossing.

The tractor-semitrailer driven by Mr. Corley failed to stop before it reached the nearest rail of the grade crossing at U.S. 41 and collided with the 22nd railcar at around 2:30 p.m. The collision and subsequent derailing of KBSR's train forms the basis for the claims before the Court.

**ANALYSIS**

In support of its Motion for Summary Judgment, Plaintiff KBSR contends that Defendants' theories of Plaintiff's "incurred risk" and "negligently blocking the traffic flow" fail as a matter of law; that Defendants' contention that Plaintiff's damages were caused by an "Act of God" fail as matter of law; and that Defendants' contention that their driver's conduct is excused under the "sudden emergency doctrine" fails as a matter of law. In their Response in Opposition to the Motion for Partial Summary Judgment, Defendants withdraw their Affirmative Defenses of "Act of God" and "Sudden Emergency." Therefore, the Court will evaluate only whether Defendants' claims of Plaintiff's negligence and incurred risk fail as a matter of law.

Defendants allege that Plaintiff's operation of the train in the fog negligently blocked the flow of traffic on U.S. 41 and that Plaintiff thereby incurred the risk of its damages. With the

Federal Railroad Safety Act ("FRSA"), 49 U.S.C. §§ 20101-20153, Congress gave the Secretary of Transportation broad power to "prescribe regulations and issue orders for every area of railroad safety," regulations which generally preempt state laws that cover the same subject matter. 49 U.S.C. §§ 20103(a), 20106. State law claims based on speed are preempted as long as a train's speed is under the maximum speed prescribed by the Federal Railroad Administration's regulations, except in the limited circumstance of failure to "slow or stop a train to avoid a specific, individual hazard." *CSX Transportation, Inc., v. Easterwood*, 507 U.S. 658, 675 n. 15 (1993); *see also Herriman v. Conrail, Inc.,* 883 F. Supp. 303, 307 (N.D. Ind. 1995). Defendants seek to place their claims within this exemption exception. They claim that Plaintiff was negligent in continuing to operate the train despite the weather conditions on U.S. 41 the day of the accident, characterized by Defendants as "a specific hazard of 'thick fog.'" Defs'. Resp. Br. 8.

Although "[n]either the Supreme Court nor the Seventh Circuit has defined a specific individual hazard," courts have generally held that it "is a unique occurrence which could cause an accident to be imminent rather than a generally dangerous condition." *Anderson v. Wis. Cent. Transp. Co.*, 327 F. Supp. 2d 969, 977-78 (E.D. Wis. 2004), *citing Hightower v. Kansas City S. Ry. Co.*, 70 P.3d 835, 846-49 (Okla. 2003). Most courts examining the issue have held that adverse weather conditions do not constitute a specific, individual hazard. *See generally Seyler v. Burlington Northern Santa Fe Corp.*, 102 F. Supp. 2d 1226, 1236 (D.Kan. 2000)(for a listing of cases where the courts have found the circumstances preempted). A district court in the Western District of Michigan disagreed, reasoning that "weather conditions are not static" and "are not capable of being adequately encompassed within uniform national standards." *Bakhuzen v. National Rail Passenger Corp.*, 20 F. Supp. 2d 1113, 1118 (W.D. Mich. 1996). This Court does not find this reasoning persuasive. It agrees instead with the majority of courts that have considered the meaning

of "specific, individual hazard" and concluded that it refers to a unique occurrence that could cause an imminent collision.

In particular, this Court is persuaded by the reasoning of a Louisiana district court that rejected a claim that fog, as a specific hazard, created a duty to slow. *Williams v. Alabama Great S. R.R. Co.*, 1994 U.S. Dist. LEXIS 11024, at *10, 1994 WL 429863, at *3 (E.D. La. 1994). It considered that argument to be "logically inconsistent" with Supreme Court precedent and emphasized that *Easterwood* "means what it says – namely, if possible, a train should reduce its speed in order to avoid an imminent collision." *Id*. Fog, therefore, is not a specific hazard within the meaning of *Easterwood*. *Id*.

Other courts have also found the *Bakhuzen* reasoning unpersuasive. *See, e.g., Seyler*, 102 F. Supp. 2d at 1237; *Cox v. Norfolk & W. Ry.*, 998 F. Supp. 679, 687 (S.D. W.Va 1998). As the court in *Cox* reasoned,

> [t]o hold that [weather] conditions are not preempted by the FRSA would mean that every time it was not a perfectly sunny day and a train accident occurred, a plaintiff could bring a state suit based on train speed. Such a result would swallow the federal regulations dealing with train speed, undermine the Secretary's ability to prescribe uniform operational speeds, and act contrary to Congress' intent that laws, regulations, and orders related to railroad safety be nationally uniform to the extent practicable.

*Id*. This Court also declines to hold that a widely-occurring weather condition is a specific, individual hazard as contemplated by *Easterwood*. Defendants' claims that Plaintiff was negligent in failing to halt the train in the face of adverse weather conditions are therefore preempted.

For the foregoing reasons, the Court holds that Defendants' argument that Plaintiff was negligent in failing to stop the train in response to the fog is preempted. Because Defendants' claim of negligence on the part of Plaintiff fails, their claim of incurred risk on the part of Plaintiff also fails. There is therefore no genuine issue of material fact, and claims alleging Plaintiff's negligence

fail as a matter of law.[1]

**CONCLUSION**

Based on the foregoing, the Court hereby **GRANTS** the Plaintiff's Motion for Partial Summary Judgment [DE 34].

SO ORDERED this 10th day of September, 2010.

                                                  s/ Paul R. Cherry
                                                  MAGISTRATE JUDGE PAUL R. CHERRY
                                                  UNITED STATE DISTRICT COURT

cc: All counsel of record

---

[1] Defendants do not specifically allege that the warning devices were ineffective. Insofar as Defendants do intend to make that argument, the Court notes that "preemption ... operates to preclude any state law claim premised upon any alleged inadequacies in railway crossing warning devices" installed using federal funds under the Federal Highway Administration. *Fifth Third Bank v. CSX Corp.*, 415 F.3d 741, 747 (7th Cir. 2005).